UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeff Seipel and Tom Vevea, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund; Tom Vevea and Gary Reed, as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Ronald Thornburg and Cindy Ecklund, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors,<br><br>       Plaintiffs,<br><br>vs.<br><br>TMS Construction, Inc.,<br><br>       Defendant. | Civil File No. 07-4881 RHK/JSM<br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW, AND<br>ORDER FOR ENTRY OF JUDGMENT** |

This matter was heard before the undersigned on the 4th day of March, 2008. Michael Eldridge of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

    1.    Plaintiffs filed a Summons and Complaint in this matter on December 17, 2007. Defendant was served with the Summons and Complaint through the Minnesota Secretary of State on December 21, 2007.

    2.    Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter Funds). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, as the administrative agent designated by the Trustees.

4. Defendant was bound by a certain Collective Bargaining Agreement between the Highway, Railroad, and Heavy Construction Contractors, and the Laborers' District Council of Minnesota and North Dakota and its affiliated Unions.

5. The Collective Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages.

7. After filing of the Complaint, Defendant submitted the fringe fund reports for the months of September, October, and November, 2007, but failed to submit payment in full for the contributions owing for these months. The amount due for fringe benefit contributions for the months of September, October, and November, 2007 is

$20,361.22.  The amount due for liquidated damages for the months of September, October, and November, 2007 is $2,036.12.

8. Defendant is entitled to a credit in the amount of $12,536.60 for payments submitted to Plaintiffs on or about January 15, 2008.

9. Defendant is entitled to an additional credit in the amount of $7,832.44 for payments submitted to Plaintiffs on or about February 26, 2008.

10. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.  The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $1,949.71.

## **CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Entry of Judgment.

2. Defendant owes the Funds $20,361.22 for fringe benefit contributions and $2,036.12 for liquidated damages for the months of September, October, and November, 2007.

3. Defendant is entitled to a total credit in the amount of $20,369.04.

4. Defendant owes $1,949.71 for attorney fees and costs.

## **ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Judgment is granted.

2. That judgment in the amount of $3,978.01 shall be entered against Defendant TMS Construction, Inc. in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   3/4/08             BY THE COURT:

                            s/Richard H. Kyle
                            The Honorable Richard H. Kyle
                             United States District Court Judge

325206.DOC